Opinion of the Court.
THIS is an action of debt founded on a judgment rendered in the state of Virginia. The defendant craved oyer of the record and demurred. The court sustained the demurrer on the ground, that the judgment declared on was void ; and the plaintiff below has prosecuted this writ of error.
The record produced shows that the defendant was the special bail for another, in a suit brought against that person, and judgment was rendered against him ; that two writs of scire facias were then issued against the now defendant, the first of which was returned not found and no inhabitant of my bailiwick ; the second was returned no inhabitant of my bailiwick ; and then the judgment was rendered against the special bail, the now defendant in error.
That a judgment rendered against a defendant in any original suit, requiring the service of process, is void, without such service, is a, proposition to which we could not long hesitate assent. It is strongly supported by the authorities cited at bar. And this court has decided in the case of Moore, &c. vs. Farrow and M'Murtry, Spring Term, 1821, that even a sale of real estate, made by virtue of an execution, and decree rendered without either actual or constructive service, is void. But to this general rule, like all others, there may be well founded exceptions ; and the inquiry here is, ought not the case of scire facias against special bail, to be one. By common law, which, in this instance, has not been changed by any statute, within the recollection of this court, the special bail became liable to a judgment on the return of one scire facias, executed or two nihils. Without explaining the origin of the return, technically called nihil, suffice it to say, that it meant, in effect, that the party could not be summoned, owing to neither his person nor his estate being accessible. The legislature of Virginia, anterior to our separation, had provided by *119 statute, that writs of scire facias should be executed and returned as writs of capias, not requiring bail. This provision is re-enacted in our own code; but neither statute destroys the right of giving judgment on two ineffectual writs of that nature, showing that the officer was unable to effectuate personal service. Hence, the courts have still practised the rendition of judgments on such returns, and we apprehend correctly.
As the laws of Virginia, previous to the separation were our own laws, we are bound to take notice of them at that period ; and we conceive it a correct principle to presume that these laws are the same to this day, unless a repeal is made to appear. In this respect, Virginia stands in relation to us, somewhat different from the other states. We were part of her, and are bound to know her laws existing at a certain period. As the laws of Virginia then stood, at the separation, such a judgment as that relied on by the plaintiff in error, was proper, and could be rendered. Why then ought we not to presume that the same laws, in this respect, were in force, and authorised the judgment in 1818, when this judgment was rendered, especially when one of her courts has so proceeded and rendered the judgment, in precise conformity to the laws in force at the separation ? This being the judgment of a sister state, by the Constitution of the United States, and the decision of this court thereupon, in the case of Rogers vs. Coleman and wife, Hard. 413, it is entitled to the same credence here, as it would be in the state from whence it came, and therefore, afforded evidence of the debt; and the court below erred in sustaining the demurrer of the defendant. Whether it afforded evidence conclusive or only prima facie, we need not now enquire, for be it which it will, the judgment cannot be sustained.
Very satisfactory reasons maybe given why a judgment on scire facias, after unsuccessful diligence to find the defendant, may be rendered. In an original suit the defendant may not know of the record, and he is no party until notice be given him, and therefore, a judgment without such notice, ought not to affect him. A special bail, cannot be a stranger to the original record. He must be presumed to be acquainted with it, and with the extent of his underta *120 king. He comes into court and there in the same record, undertakes for the defendant, in case he is cast in that suit, he, the defendant, will pay and satisfy the costs and condemnation of the court, or render his body to prison in execution for the same, or in case of failure, that he, the bail, will do it for him. He thus becomes a party, or rather a quasi party, and is bound to take notice how the record progresses, and whether the defendant is condemned, and pays the condemnation, either by his money or surrendering his body. It would in such case, be no arbitrary law, to permit judgment to be rendered at once against the bail, in future cases, without any process, on its being apparent from the record, that execution is ineffectual against the principal. The bail would be liable to no more than what he had undertaken. Hence a scire facias, is styled a judicial writ, viz. a writ for the purpose of effectuating what has already been decided, or in case of bail, to compel the bail to perform that which he has solemnly undertaken of record; and the reason why the bail is summoned at all, is out of abundant caution and tender regard to his rights, for the purpose of allowing him to shew some matter, which may have arisen since his undertaking, and which may exonerate him. Hence, he is summoned to answer matters of record, and the judgment rendered of record after his undertaking, against his principal, is conclusive against him. There is, therefore, no necessity of taking the same care to bring him into court, in order to subject him to his undertaking, as there is with regard to defendants in original actions, where the matters in controversy are entirely en pais, and have never been settled, or ascertained by judicial determination.
Judgment reversed with costs.